**In re GOLDEN RECIPE CHICKEN, INC., Debtor.**

**Bankruptcy No. 88–00233E.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 29, 1990.

Lawrence C. Bolla, Erie, Pa., for Debtor.

Vedder J. White, Erie, Pa., trustee.

OPINION

WARREN W. BENTZ, Bankruptcy Judge.

The Chapter 7 trustee's final account shows total receipts of $9,832.31 and a balance on hand of the same amount.

The attorneys for the debtor have filed an application for compensation in the amount of $3,287.50, which when added to the $2,000 retainer received, would be $5,287.50. They also claim reimbursement of expenses of $995.03.

Debtor's counsel knew upon filing the debtor's petition under Chapter 11 on May 9, 1988, that the business could not succeed and that liquidation would be necessary. On May 18, 1988, debtor filed an application for an order authorizing the employment of an auctioneer. The public auction sale was held on June 18, 1988 and the business premises were vacated on June 20, 1988. The liquidation therefore proceeded more quickly than it would have under the usual circumstances of a *Chapter 7* case.

A prompt liquidation reduced potential administrative rent. The landlord's claim for administrative rent is unpaid and stands at $600. In keeping the failed business in operation under Chapter 11, the debtor and its counsel also incurred $722.67 of unpaid trade debt in favor of W. & P. Poultry, Inc. and $578.85 of administrative sales tax, neither of which can be paid without invading the fund received on the public sale of the debtor's equipment.

The U.S. Trustee has objected to the fees requested by the attorneys for the debtor. The attorneys for the debtor respond that the sale of the personal property in the "Chapter 11 liquidation generated substantially more than it would have in a Chapter 7 liquidation." We are aware of no basis for such a conclusion, except for the fact that the liquidation occurred very promptly.

█ The attorneys for the debtor also respond that "the [proposed Chapter 11] plan provides for a release of the personal liability of one of the shareholders on the real estate lease" which "would not have been available under a Chapter 7 liquidation." That argument is self-defeating. To the extent that the attorneys for the corporate debtor spent time and energy securing the release of liability for one of the shareholders, they were representing that shareholder. To the extent that such attorneys were using, or intended to use, the corporate debtor's assets in order to secure such release, the attorneys were acting against the interests of the corporation and its creditors. Such activity cannot be the basis of a claim for compensation from the assets of the debtor corporation. In fact, this disclosure by the attorneys for the debtor indicates a clear conflict of interest for which a denial of all compensation might be appropriate, and if such compensation were completely denied, it would be supportable as an exercise of discretion by the court.

The U.S. Trustee requests that we deny all compensation and points out that the statutory fee for the conduct of the public sale would have been approximately $450 when calculated in accordance with the provisions of 11 U.S.C. § 326(a). We will not be that harsh. Services of value were performed.

█ The $5,287.50 requested would not be an extraordinary fee for Chapter 11 work. However, this was not a Chapter 11 case. This was a Chapter 7 liquidation case from the beginning. Diligent counsel would have simply filed the Chapter 7 petition with schedules and notified the Bankruptcy Clerk or the U.S. Trustee's office that the Chapter 7 trustee should be appointed promptly and should be advised that assets were available for liquidation and distribution, and that he should proceed with liquidation without waiting for the § 341 meeting. If continued operation under the Chapter 7 trustee was thought to be beneficial, that thinking also could have been communicated to the Chapter 7 trustee.

The only reason for keeping the case in Chapter 11 appears to have been the desire

**694**

to keep control of the case in order to work out a settlement with the landlord, so as to relieve the shareholder of his personal guarantee to the landlord.

The attorneys for the debtor will be allowed total compensation of $1,200 plus reimbursement of $995.03 in expenses, less the $2,000 retainer, with the net result that the attorneys for the debtor shall be allowed net additional compensation and reimbursements of $195.03.